**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| **HENRY A WILLIAMS,** <br> Reg. #19967-076 | **PETITIONER** |
| V.         2:10-cv-00169-JLH-JJV | |
| **T. C. OUTLAW,** <br> Warden, FCI-Forrest City | **RESPONDENT** |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, of Henry A. Williams, an inmate at the Federal Correctional Institution- Forrest City Low.

**I.     BACKGROUND**

Mr. Williams was sentenced by the United States District Court for the Western District of Tennessee for being a felon in possession of a firearm. (Doc. No. 14, Ex. A, Att. 1). In arriving at this sentence, the district court considered his presentence report which reflected a 1979 conviction for rape in King County Superior Court in Seattle, Washington. (*Id*.). It is this conviction which provides the underlying basis for his habeas petition.

Mr. Williams filed his instant Habeas Petition on October 25, 2010. (Doc. No. 2). He claims the Bureau of Prisons (BOP) is erroneously construing 18 U.S.C. § 4042(c) by considering his entire criminal history, specifically his 1979 rape, and not just his instant conviction, in denying him placement in a camp. (*Id*.). By way of relief, Mr. Williams seeks placement in a prison camp (*Id*.).[1]

The Respondent filed an Answer on December 7, 2010, contending that Mr. Williams' Petition should be denied for three reasons: (1) his claim is not cognizable in a § 2241 action because Mr. Williams does not have a protected liberty interest in the placement in a prison camp;

---

[1] In his Petition, Mr. Williams initially included a claim for monetary damages. He has since withdrawn this claim. See Doc. Nos. 5, 6, and 8.

(2) he failed to exhaust his administrative remedies; and (3) the BOP properly considered his prior conviction in denying his transfer to a prison camp. (Doc. No. 14).

**II.   DISCUSSION**

The Court finds that Mr. Williams has failed to exhaust his administrative remedies. See *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (holding that before filing an action in district court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to the BOP). To properly exhaust their administrative remedies, "[a]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy, [via a BP-9]." 28 C.F.R. § 542.13(a). If the inmate is not satisfied with the informal resolution, he may:

> . . . submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be given an opportunity to succeed." *Id*.

From the evidence before the Court, it appears that Mr. Williams has not completed the administrative grievance process. Mr. Williams filed an informal resolution on June 23, 2010,

arguing that the public safety factor should not have been placed against him and he was entitled to placement in a camp. (Doc. No. 2). His informal resolution was denied by the Unit Manager because Mr. Williams had a prior conviction for rape. (*Id*.). On July 6, 2010, Mr. Williams filed a grievance (602593-F1) at the facility level. (*Id*.). This grievance was received by the Administrative Remedy Coordinator on August 12, 2010. (*Id*.). The grievance was rejected on the same day, August 12, 2010, because Mr. Williams "did not attempt informal resolution prior to submission of administrative remedy, or [] did not provide the necessary evidence of your attempt at informal resolution. (*Id*.). On August 23, 2010, Mr. Williams submitted a second grievance (602593-F2) at the facility level. (*Id*.). His grievance was received by the Administrative Remedy Coordinator on September 8, 2010. (Doc. No. 2). A response to his grievance was required by September 28, 2010. (*Id*.). On September 14, 2010, Warden T. C. Outlaw denied his grievance and instructed Mr. Williams that if he was "not satisfied with this decision, [he] may appeal to the Regional Director at the Federal Bureau of Prisons . . ." and that he had twenty (20) days to do so. (*Id*.). Mr. Williams failed to appeal to the Regional Director.

In his Response (Doc. No. 16), Mr. Williams argues that he has not exhausted his administrative remedies because the Warden took more than 42 days to reply to the first filing of his BP-8 and BP-9. One exception to the exhaustion requirement is that exhaustion of administrative remedies would be futile. See *Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006). Mr. Williams has failed to prove that appealing to the Regional Director would have been futile. Therefore, the Court finds that Mr. Williams failed to exhaust all of his administrative remedies.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. Williams' § 2254 petition (Doc. No. 2) should be DISMISSED without prejudice,

and the requested relief be DENIED; and

    2.    All pending motions should be denied as moot.[2]

IT IS SO ORDERED this 3rd day of February, 2011.

                                        JOE J. VOLPE
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] In Doc. No. 15, Mr. Williams asks this Court to order that he be seen by a doctor. That type of relief is not available in a habeas petition. Furthermore, in Mr. Williams' 42 U.S.C. § 1983 case before this Court, case no. 2:10-cv-122-JMM-JJV, the Court directed Mr. Williams to seek medical care by complying with BOP procedures regarding medical care. Case No. 2:10-cv-122-JMM-JJV, Doc. No. 11.